# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Terrence Christian Garmon,<br><br>Defendant. | Case No. 17-011 (SRN/KMM)<br><br><br>**ORDER** |

Thomas Calhoun-Lopez, United States Attorney's Office, 300 S. 4th St. Ste 600, Minneapolis MN 55415, for the Government.

Terrence Christian Garmon, Reg No. 64222-056, FCI-Petersburg Medium, P.O. Box 1000, Petersburg, VA, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Terrence Christian Garmon's Pro Se Motion and Letter Request for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (("Motions for Release") [Doc. Nos. 98, 101]). The Government filed a response in opposition to Mr. Garmon's Motions for Release. [Doc. No. 100.]

Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Defendant's motions.

## I.     BACKGROUND

### A.     Procedural and Factual Background

In July 2018, Mr. Garmon pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). [Doc. No. 78.] On November 9, 2018, the Court sentenced Mr. Garmon to a 40-month term of imprisonment. (*See* Sentencing Judgment [Doc. No. 93].) Mr. Garmon is currently incarcerated at FCI-Petersburg Medium in Virginia. He has a projected release date of December 14, 2021. BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Aug. 4, 2020).

### B.     Parties' Positions

Mr. Garmon seeks compassionate release on several grounds. First, he argues that it would be easier to pay off his restitution payments if released. (("Def.'s Mot.") [Doc. No. 98].) Second, Mr. Garmon contends that he should be released based on his lack of access to the "RDAP program, financial literacy, education and occupational programs." (*Id.*) Third, Mr. Garmon argues that he has undergone significant personal growth and rehabilitation and is therefore prepared to re-enter society. (*Id.*) Finally, in his Letter Request to the Court ((("Def.'s Letter") [Doc. No. 101]), he requests release based on his health concerns posed by COVID-19. (*Id.* at 1.) Specifically, he argues that he has diabetes and anemia, which place him at a greater risk of complications from the virus. (*Id.*)

In opposition, the Government makes several arguments. First, the Government claims that Mr. Garmon has failed to exhaust his administrative remedies. (Gov't's Opp'n at 2.) As a result, the Government asserts that the Court lacks jurisdiction to consider Mr. Garmon's motion. Second, it argues that, even if the Court has jurisdiction to consider Mr.

2

Garmon's motion for compassionate release, it fails on the merits. (*Id.*) Finally, the Government maintains that rehabilitation alone cannot serve as an extraordinary and compelling reason under the law to grant compassionate release. (*Id.* at 3.)

## II. DISCUSSION

### A. The Law

A court may not modify a term of imprisonment once it has been imposed, except pursuant to statute. *United States v. Kachina*, 2020 WL 2539270, at *1 (D. Minn. May 19, 2020) (citing 18 U.S.C. § 3582(c)); *see also United States v. McIndoo*, -- F. Supp. 3d --, 2020 WL 2201970, at *2 (W.D.N.Y. May 6, 2020). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act[1] amended this provision with the goal of increasing "the use and transparency of compassionate release" and the section now allows defendants, for the first time, to petition district courts directly for compassionate release. *United States v. Stephenson*, 2020 WL 2566760, at *2 (S.D. Iowa May 21, 2020). Under the old regime, defendants could petition only the BOP Director, who could then make a motion, at his or her discretion, to the district court. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n.4 (U.S. Sentencing Comm'n 2018). The amended provision provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the

---

[1] The First Step Act also amended other provisions of the U.S. Code with the goal of "promot[ing] rehabilitation of prisoners and unwind[ing] decades of mass incarceration." *Stephenson*, 2020 WL 2566760, at *2 (citing Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019)).

> Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

While the statute does not define "extraordinary and compelling reasons," Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" justifying a reduction of sentence, including the "medical condition of the defendant," the defendant's "age" and "family circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C).

As relevant here, a defendant's medical condition, in narrow circumstances, may form the basis for a reduction in sentence under the Commission's policy statement. *See id*. The policy statement provides that a reduction is warranted if the defendant is suffering from either (1) a "terminal illness" or (2) a serious physical or mental condition "that substantially diminishes" the ability of the defendant to provide self-care and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). The policy statement also provides a catch-all provision, allowing courts to consider "other extraordinary and

4

compelling reasons that exist either separately or in combination with previously described categories." [2] *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

To apply the Commission's guidance above, in conjunction with the amended statutory directive in 18 U.S.C. § 3582(c)(1)(A), numerous district courts, including in this district, have found that the following three issues must be considered in evaluating a compassionate release application: (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. White*, 13-cr-20653, 2020 WL 2557077 (E.D. Mich. May 20, 2020) (quoting *United States v. Wong Chi Fai*, No. 93-cr-1340, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019) (citing *United*

---

[2] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. *See United States v. Ramirez*, 2020 WL 2404858 (D. Mass. May 12, 2020) (collecting cases and finding that courts "have the authority to consider other relevant factors" because such an interpretation "best comports with the First Step Act."); *see also United States v. Brown*, -- F. Supp. 3d--, 2020 WL 2091802, at *5-7 (S.D. Iowa April 29, 2020) (finding that "the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it."). The Eighth Circuit has recently reinforced the district court's discretion to "expand the use of compassionate release" with the passage of the First Step Act. *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (noting that it need not determine whether the district court erred in adhering to the Commission's policy statement because the district court "knew its discretion" to assume a more expansive definition of "extraordinary and compelling reasons" under the First Step Act) (internal quotation and citation omitted).

5

*States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019) (further citations omitted)); *see also United States v. Edison*, No. 12-cr-225 (DWF), 2020 WL 3871447, at *2-3 (D. Minn. July 9, 2020).

Moreover, as the movant, the defendant carries the "burden to show he is entitled to a sentence reduction." *United States v. Estabrook*, No. 10-cr-109, 2020 WL 2544422, at *4 (D.N.D. May 19, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding burden is on the defendant to establish that a sentence reduction is warranted under 18 U.S.C § 3553(c)(2)); *see also United States v. Morrison*, 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020) ("[t]he defendant has the burden to show he is entitled to a sentence reduction.") (internal quotation and citation omitted); *United States v. Cabrera*, 2020 WL 2549941, at *2 (C.D. Ill. May 19, 2020) (same) (internal quotation omitted).

### B. Analysis

#### 1. Exhaustion of Administrative Remedies

The Court first considers whether it has the authority to grant Defendant's motion. As explained above, the compassionate release statute expressly provides that a court may only reduce a defendant's sentence pursuant to the provisions of the statute after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A). In other words, to be entitled to relief pursuant to § 3582(c)(1)(A), a defendant generally must exhaust administrative remedies or demonstrate that 30 days have elapsed since he submitted a request for a motion to the facility's warden.

Although the Government argues that Mr. Garmon has not made an administrative compassionate release request to the BOP, (Gov't's Opp'n at 2), Mr. Garmon argues to the contrary in his Letter Request to the Court. (Def.'s Letter at 1.) He asserts that he made such a request to the Warden on April 22, 2020, but received no response within 30 days of his administrative request. (*Id.*) However, he provides no documentation evincing support for his claim. While his Letter Request states that his April 22 administrative request was filed as an "exhibit" with the Court, (*see id.* at n.1), the Court has not received that exhibit.

Accordingly, the Court is unable to find that Mr. Garmon exhausted his administrative remedies in this regard, and he is therefore "not eligible for relief under the statute." *United States v. Coleman*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *4 (D. Minn. July 14, 2020) (internal quotation omitted); *see also United States v. Lowe*, No. 16-cr-07, 2020 WL 2025760, at *1 (E.D. Tenn. Apr. 27, 2020) (finding inmate ineligible for relief under § 3582(c)(1)(A) because he did not provide documentation of an administrative request to the warden). The Court "cannot consider a motion for compassionate release for which the prisoner has not first sought relief from the BOP." *Coleman*, 2020 WL 1922568 at *4 (further citations omitted).

### 2. Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)

Even if the Court had the authority to entertain Mr. Garmon's request, release under these facts is not warranted. As explained above, the Sentencing Commission's guidance states that an inmate's medical conditions can, alone, prove sufficiently extraordinary and compelling under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13 at cmt. n.1(A) (noting that the

7

condition must be "serious and advanced with an end of life trajectory" or "substantially diminish the ability of the inmate to provide self-care" within the facility and be one "from which he or she is not expected to recover."). Alternatively, an inmate's serious medical condition "in combination with" additional reasons may also justify a sentence reduction. *See* U.S.S.G. § 1B1.13 at cmt. n.1(A)-(D).

Here, Mr. Garmon argues that the COVID-19 pandemic, in combination with his medical conditions, warrant compassionate release. Although the Court does not intend to diminish the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). *United States v. Fry*, No. 11-cr-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing *United States v. Hamilton*, No. 19-cr-54, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, --F. Supp. 3d--, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases); *Ramirez*, 2020 WL 2404858, at *3; *United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Against these standards, Mr. Garmon fails to present extraordinary and compelling reasons for his release. Mr. Garmon, who is 28 years of age, is not at an age that is particularly susceptible to an increased risk of COVID-19 complications. CDC, *Coronavirus Disease 2019: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Aug. 4, 2020). Nonetheless, he asserts that he has anemia and diabetes, which he alleges make him more vulnerable to becoming seriously ill should he contract COVID-19. (Def.'s Letter at 1.)

The Court disagrees. Although his history of diabetes may establish a particularized susceptibility to COVID-19, he offers no current documentation of any of his ongoing health concerns. *See United States v. Black*, No. 18-cr-646, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (denying motion for compassionate release, in part, because inmate offered no medical records substantiating his claim of treatment for high blood pressure and diabetes); *United States v. Dickson*, No. 19-cr-251, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (finding that inmate failed to establish he is at a higher risk of contracting COVID-19 because he offered no medical records substantiating his asthma and respiratory issues); *Shamilov*, 2020 WL 2029600 at *2-3 (denying motion for compassionate release where inmate provided no documentation of underlying conditions) (citing *United States v. Gutierrez*, No. 05-cr-217 (RB), 2019 WL 1472320, at *2 (D.N.M Apr. 3, 2019)). And, his presentencing report in fact indicates that he reported he is in "good health" with "no history of significant medical issues." (PSR [Doc. No. 80] ¶ 69.) There is no reference to either a history of diabetes or anemia. The Court is therefore

9

unable to find that Mr. Garmon is at an elevated risk of developing the more severe symptoms of COVID-19 as a result of his medical conditions.

Moreover, even assuming his underlying medical conditions exist, Mr. Garmon has failed to demonstrate a particularized risk of contracting the disease. To date, although one staff member is reported to have recovered from COVID-19 at FCI-Petersburg, the facility currently has no reported cases of COVID-19. BOP COVID-19 Coronavirus Resource Page, https://www.bop.gov/coronavirus/ (last accessed Aug. 5, 2020). Thus, the facility appears to have been successful at stopping any spread of the virus as of this writing.[3] Additionally, there is no indication that FCI-Petersburg will be unable to handle an outbreak at this time or otherwise accommodate Mr. Garmon's specific health concerns should he contract the virus.

The Court therefore finds that Mr. Garmon's medical conditions do not warrant compassionate release. Mr. Garmon has not contracted the virus, and his medical conditions, in light of his relatively young age and access to medication, do not fall in the category of illnesses with an end-of-life trajectory, or other reasons, under the Guidelines. A reduction in sentence would not be consistent with the policy statements issued by the Sentencing Commission. The Court further finds that no other compelling circumstances

---

[3]  Among the measures the BOP has taken are: (1) prohibiting all social and volunteer visits; (2) suspending inmate movement, with limited exceptions; (3) suspending legal visits for 30 days (with case-by-case exceptions); (4) screening staff through self-reporting and temperature checks; (5) screening new inmates, quarantining asymptomatic inmates, and isolating and testing inmates with exposure risk factors; and (6) modifying operations to maximize social distancing and to limit group gatherings. BOP Modified Operations, https://www.bop.gov/coronavirus/covid19 status.jsp (last accessed Aug. 4, 2020).

support his request for a reduction in sentence.[4]  Taking into consideration all of the § 3553(a) factors, the Court continues to find that the sentence imposed is just and fair under the totality of the circumstances.  *See*, *e.g.*, *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *7 (8th Cir. July 16, 2020) (finding that the district court did not abuse its discretion in denying a compassionate release motion when lower court noted its consideration of the § 3553(a) factors at sentencing).

Accordingly, for all of the reasons stated above, Defendant's Motions for Release are denied.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motions for Release [Doc. Nos. 98, 101] are **DENIED.**

Dated:   August 10, 2020                                  s/Susan Richard Nelson
                                                                         SUSAN RICHARD NELSON
                                                                         United States District Judge

---

[4] The Court notes that rehabilitation alone is not a basis for compassionate release. *See* U.S.S.G. § 1B1.13 cmt. n.3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement.").